Dewet, J.
This action, when closely scrutinized, is in truth an action to recover damages of the defendant for not convey *322 ing to the plaintiff, by a life lease, certain real estate. But such a promise, if made by parol only, is not valid in law, and cannot be enforced. Rev. Sts. c. 74, § 1. The plaintiff, aware of this difficulty, endeavors to obviate it by framing his action in the form of assumpsit, to recover the consideration for the land conveyed to the defendant, and for which the life lease was to have been given in part payment. It seems to us that this change of the form of the action does not obviate the difficulty. The defendant holds no money of the plaintiff. He has received land under a conveyance from him, and has, in consideration thereof, made a parol promise to convey an interest in real estate to the plaintiff, which the plaintiff accepted ; although he is presumed to know that such contract cannot be enforced in law. We do not understand that any other breach of this contract is alleged, or that' there has been any failure to support the plaintiff and his wife, and to provide for them as was stipulated. Thus understanding the claim to be restricted to damages for not executing a life lease, the court are of opinion that this promise is within the statute; and that the refusal to perform it will not authorize the plaintiff to recover damages therefor. ' The exceptions to the ruling of the court of common pleas, on this point, are sustained, and the case remanded to that court for a new trial.